## Case No. 7,120.

### JACK'S CASE.

[See Case No. 7,119.]

## Case No. 7,121.

### The JACK JEWETT.

[2 Ben. 353.] [1]

District Court, S. D. New York. April, 1868.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

T. C. T. Buckley and J. K. Hill, for petitioners.

T. Scudder, for the marshal.

BLATCHFORD, District Judge. The difficulty in the way of granting to the petitioners the relief asked is, that the suit is discontinued. The vessel has been released from custody. The marshal was authorized to release her. The only complaint is that he gave her up to the wrong person. The court has no longer any possession of the vessel, or any jurisdiction of the suit, either in rem against the vessel, or in personam against such of the petitioners as were parties to it, and has no power to give the relief asked. The marshal has not disobeyed any process or order of court, or been guilty of any contempt of court for which he can be attached, and that is not the relief asked. If the marshal, while the vessel was in his custody, suffered her to be injured, or has been guilty of a breach of duty in permitting the libellant to take possession of her, and in not delivering her back to the custody of those from whose possession he took her, the parties aggrieved have their remedy against him by a proper action in the proper tribunal. This court cannot administer the relief asked in this summary way on this petition. This suit having been discontinued on the 10th of March, 1868, and the vessel discharged from the custody of the marshal by the order of this court, without any special direction to the marshal as to the person to whom he was to deliver the vessel, there is not, even if the marshal was guilty of a breach of duty in delivering her to the libellant, such an irregularity, or mistake, or fraud, as would warrant the court in retaking possession of the vessel, even if it could do so in any case where the suit was regularly discontinued. By the discontinuance of the suit, the lien on the vessel is gone, and for the court now to order the marshal to seize her, when there is no suit pending, and no jurisdiction in the court over any thing or any person in the premises, would seem to be to order the marshal to commit a naked trespass, in respect to which the order of this court would be no protection to him if he were sued therefor. The principle which the circuit court for this district laid down in the cases of The Union [Case No. 14,346] and The White Squall [Id. 17,570], as applicable to the case of a discharge of a vessel on a stipulation for value in a suit in rem, that the court has no power to order back, into the custody of the marshal, a vessel which has, on a stipulation, been fairly discharged from arrest, applies, a fortiori, to a case where she has been properly discharged by the termination of the suit.

The prayer of the petition is denied.